## WILLIAM MILLER v. STATE.

No. A-6133.   Opinion Filed Nov. 2, 1927.
(260 Pac. 511.)

E. W. Snoddy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. William Miller was convicted on information charging that in Woods county, September 25, 1925, he "sold and delivered to one B. E. Slagle intoxicating liquor, to wit, whisky."

On the trial the jury returned a verdict finding him guilty, and fixing his punishment at a fine of $125, and imprisonment in the county jail for 60 days. From the judgment rendered on the verdict he appeals.

The errors assigned question the sufficiency of the evidence to support the verdict and judgment, and are based on exceptions reserved to the rulings of the court in the course of the trial.

The defendant was convicted solely upon the testimony of B. E. Slagle, to the effect that his business was that of an undercover man, engaged in then entrapping of violators of the prohibitory laws in different towns of Oklahoma; that on the day alleged he introduced himself to the defendant, told him that his name was Johnson, and asked him if a man could get any whisky around there; that the defendant said that he did not know, there was plenty of whisky around there, and he might be able to rustle some, and asked him where he would be in 10 or 15 minutes, and he told the defendant that he would be right there by his car by the pool hall; that the defendant left, and came back in about 15 minutes with a pint of liquor, and delivered it to him; that he paid the defendant $2.50 for this pint of whisky; that he had never known the defendant before he went to Waynoka, and had never seen him either before or since this transaction, which took place about 9 o'clock in the evening in front of the pool hall on one of the main streets of Waynoka.

On cross-examination he stated that the restaurant keeper pointed out to him about noon on the 27th day of September, which would be two days after he testifies he bought the liquor from him.

The defendant, as a witness in his own behalf, testified that he had lived on his father's farm, adjoining the town of Waynoka, for 33 years; that at the time of this alleged transaction he had been under the care of a doctor, and was on crutches, his right leg having been broken; that the only time he ever saw B. E. Slagle was in a pool hall, and there were 7 or 8 persons "ragging" him and calling him a snitch; that he never did speak to Slagle; and that he never at any time sold any liquor to Slagle or to any one else.

Six witnesses, farmers and business men residing in and around Carmen, each testified that the reputation of the witness Slagle for truth and veracity in the neighborhood in which he resided was bad, and no witness was called on the part of the prosecuting witness to sustain his reputation.

The court will take notice of the fact, as shown by numerous decisions of this court, that the witness B. E. Slagle has heretofore been successfully impeached and discredited as a witness.

After a careful examination of the record, we are satisfied that the jury were influenced by passion and prejudice, and that the evidence is insufficient to support the verdict. This conclusion renders it unnecessary to consider the other questions in the case. Because the evidence was not sufficient to sustain a conviction, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.